UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA LAND TRUST #3082, *et al.*, <br>     Plaintiffs, <br> <br> v. <br> <br> HAMMOND REDEVELOPMENT <br> COMMISSION, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> )    CAUSE NO.: 2:21-CV-201-JEM <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings [DE 16] filed by Defendants City of Hammond and Thomas McDermott, Jr., on August 13, 2021, and joined by the other defendants. Plaintiffs filed a response to the Motion on October 27, 2021, and Defendants filed a reply on November 22, 2021.

**I.    Background**

On June 2, 2021, Plaintiffs filed their Complaint in the Lake Superior Court, State of Indiana, which Defendants removed to this court on June 24, 2021. Plaintiffs' Complaint asserts four counts against the Defendants arising out of the building of a public roadway Count I asserts 5 separate bases for violations of § 1983 by the individual defendants: A) substantive due process violations; B) procedural due process violations; C) equal protection violations; D) conspiracy to abuse eminent domain proceedings; and E) § 1983 abuse of process. Count II asserts a claim against Defendants City of Hammond, McDermott, and Hammond Redevelopment Commission for a failure to train. Count III asserts a "Monell" claim against City of Hammond and Hammond Redevelopment Commission. Finally, Count IV asserts a state law claim for abuse of process against all Defendants. Defendants filed their Answers to the Complaint on June 25, 2021.

1

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and

3

direct." Fed. R. Civ. P. 8(d)(1). "The lack of a 'short plain statement of the claim' is ordinarily used as a basis for dismissal where the complaint is prolix." *Edwards v. Depositors Ins. Co.*, 2021 U.S. Dist. LEXIS 171, at *7 (S.D. Ill, Jan 4, 2021). Dismissal pursuant to Rule 8(a) is appropriate for "a complaint that it prolix and/or confusing makes it difficult for the defendant file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-56 (7th Cir. 1994) (approving dismissal of a "119 page, 385 paragraph less than coherent amended complaint.").

**III.   Analysis**

The gravamen of Plaintiffs' Complaint is that the Defendants, acting in bad faith, decided to take property belonging to the Plaintiffs for a roadway in order to harm Plaintiffs, who are not political supporters of Mayor McDermott, for the benefit of business owners who are competitors of Plaintiffs in the fireworks business and supporters of Defendant McDermott. Defendants argue that Plaintiffs' Complaint fails to comport with federal pleading standards under Federal Rules of Civil Procedure 8(a) and 9(b), as well as a number of specific arguments about the failure of individual claims to state a cause of action. Plaintiffs argue that they have sufficiently pleaded each of their causes of action, and that their Complaint comports with pleading standards.

**A.   Exhibits**

Plaintiffs attached over 400 pages of pleadings, orders, deposition transcript excerpts and discovery responses from the underlying Lake County state court action as exhibits to their response in opposition to the instant Motion. Federal Rule of Civil Procedure 12(d) requires that a motion for judgment on the pleadings pursuant to Rule 12(c) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the

4

court." Fed. R. Civ. P. 12(d), *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The decision whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

The pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). In addition, documents submitted with a motion to dismiss are treated as part of the pleadings if they are "referred to in the plaintiff's complaint and are central to [their] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Plaintiffs suggest that the exhibits they attached be used by this Court to convert the Motion for Judgment on the Pleadings to a motion for summary judgment, but Defendants argue that converting this Motion to a motion for summary judgment would be inappropriate as no discovery has occurred in this case by stipulation of the parties, and the Court is not inclined to permit Plaintiffs to change the nature of Defendants' Motion. It would be unfair to convert the instant Motion without giving Defendants an opportunity to fully address Plaintiffs' arguments in that context. Nor have Plaintiffs complied with Northern District of Indiana Local Rules regarding such a conversion. N.D. Ind. L.R. 7-1, 56-1.

Plaintiffs also assert that the Court can take judicial notice of the contents of the exhibits because they include court filings and orders from the Indiana state court action. Some of the pleadings attached contain exhibits and excerpts from deposition transcripts and although the Court may take judicial notice of the fact that those pleadings were filed, that does not mean that

5

the statements contained therein can be taken judicial notice of. *See Beamon v. Hamed*, No. 2:19-cv-506, 2021 U.S. Dist. LEXIS 32308 (N.D. Ind. Feb. 22, 2021) ("[J]udicial notice is generally not for the truth of the matters asserted in a court document") (quoting *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 2007 U.S. Dist. LEXIS 19601 (N.D. Ill. March 16, 2007)). Courts only take judicial notice of "(1) facts that are generally known within the trial court's discretion; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *Mayes v. City of Hammond, Inc.*, 2006 U.W. Dist. LEXIS 41821 (N.D. Ind. June 21, 2006). This Court therefore declines to take judicial notice of the exhibits attached to Plaintiffs' response in opposition.

Additionally, to the extent that Plaintiffs are implying that pleadings in the pending state court action can be considered because they referred to that action in their Complaint, the absence of any reference in Plaintiffs' Complaint to the exhibits they attached to their response in opposition means those documents are not part of the pleadings such that the Court must consider them in ruling on a motion for judgment on the pleadings. *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Furthermore, because the exhibits are not all integral to determination of the questions that are the subject of the instant Motion and because the parties have not had "a reasonable opportunity to present all the material that is pertinent to the motion," *see* Fed. R. Civ. P. 12(d), the Court declines to convert the Motion for Judgment on the Pleadings to a motion for summary judgment.

Since the exhibits attached to Plaintiffs' response in opposition were not judicially noticeable, not referenced in Plaintiffs' Complaint, and not integral to a determination of the

6

question raised in the instant motion, the Court did not consider them in deciding the instant motion.

### B. Pleading Requirements

Defendants argue that Plaintiffs' Complaint is replete with labels and conclusions, "beyond hyperbole and whimsy," and lacks sufficient specificity to plead the conspiracy causes of action. Plaintiffs respond that their Complaint contains sufficient facts to put Defendants on notice of the causes of action asserted, and that is enough to satisfy applicable pleading standards. Plaintiffs further respond that their ability to plead with more specificity as to the conspiracy causes of action should be relaxed as the Defendants are the parties with the requisite information, and they should be allowed to conduct "discovery into campaign contributions and eminent domain misuse" to overcome any pleading defects.

To comport with pleading standards, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The lack of a 'short plain statement of the claim' is ordinarily used as a basis for dismissal where the complaint is prolix." *Edwards v. Depositors Ins. Co.*, 2021 U.S. Dist. LEXIS 171, at *7 (S.D. Ill, Jan 4, 2021). Dismissal pursuant to Rule 8(a) is appropriate when "a complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-56 (7th Cir. 1994) (approving dismissal of a "119 page, 385 paragraph less than coherent amended complaint.")

Plaintiffs' Complaint is replete with conclusions, conjecture, and, yes, hyperbole. It does not contain short, concise statements of facts. Because the Complaint does not comport with Federal Rule of Civil Procedure 8(a)(2), dismissal is proper, with Plaintiffs being given an

opportunity to replead cognizable causes of action, in short, concise statements of factual content, rather than conclusory, conjectural statements of opinions and theories.

An example of a conclusory rather than factual statement which fails to comport with pleading standards is:

> For example, in addition to the wrongful ongoing taking of Defendants' property as outlined herein, on information and belief, the same policy and practice of utilizing eminent domain for false purposes and city zoning and inspection authority (herein referenced collectively as "eminent domain authority") to take from one private owner in order to transfer property to another private owner more favored by the Defendants has occurred with regard to other property. On information and belief, the same misuse of authority occurred with regard to the property located at 474-478 Fayette Street, Hammond, whereby the Defendants took the property and provided it to another private entity, the "18th Street Brewery" for storing distilled spirits, likely because someone among the Defendants benefitted from the 18th Street Brewery's contributions to the Hammond Mayor's election funds and/or because the City disliked the appearance of the property prior to its property seizure.

Pl.'s Comp. ¶ 103.a. This statement is neither short and concise nor factual in nature.

The Federal Rules of Civil Procedure also set forth heightened pleading standards for pleading allegations of fraud. Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Such heightened pleading standards are relaxed "where the plaintiff lacks access to all facts necessary to detail [a] claim". *Corley v. Rosewood*, 142 F.3d 1041, 1051 (7th Cir. 1998). Similarly, in situations where "defendants. . . control the actions . . . this requirement may be relaxed . . . when the defendants are in a better position to know the extent of … participation." *Shapo v. Engle*, No. 98 C 7909, 1999 U.S. Dist. LEXIS 17966, at *42, 1999 WL 1045086, at *13 (N.D. Ill. Nov 12, 1999).

Plaintiffs' Complaint does not allege facts surrounding the purported conspiracy clearly. Again, it is not a deficit of any information, but a deficit of *factual* information pointing toward a

8

conclusion of conspiracy. There are no allegations particular to which individual defendants did what when and with whom. Instead, for example, in Count I, section D, Plaintiffs allege "Defendants conspired to abuse eminent domain authority" Pls.' Comp. ¶ 72 and "Defendants engaged in a conspiracy due to their agreement or meeting of the minds between the Defendants to violate the Plaintiffs' constitutional rights, and overt acts in furtherance of the conspiracy which resulted in and is resulting in a violation of Plaintiffs' constitutional rights, by virtue of Defendants' planning, execution, and continuing prosecution of the underlying condemnation claim for illegitimate ends." Pls.' Comp ¶ 75. This does not comply with Rule 9 because it does not set forth with any particularity which Defendants engaged in what conduct. The Plaintiffs would be better served delineating the purported conduct in a manner which allows the Defendants and the Court to follow the allegations from a beginning to an inevitable conclusion, without editorialization, inflammatory language, and opinions.

Plaintiffs make a number of arguments about the validity of their claims; however, since the Complaint is being dismissed, this Court need not address the remaining arguments at this time. Plaintiffs are reminded that, should they choose to amend their complaint, there allegations should be short concise statements of factual content giving reasonable notice to the Defendants of the complained of conduct, without conclusions, argument, or opinions, and that a bare recitation of the elements of a cause of action are insufficient.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** in part for relief different than sought Defendants' Motion for Judgment on the Pleadings [DE 16], **DENIES** the remainder of Defendants' Motion for Judgment on the Pleadings [DE 16] as moot, and **DISMISSES** Plaintiffs' Complaint without prejudice. The Court **ORDERS** that any motion for leave to amend the

Complaint must be filed by March 28, 2022.

      SO ORDERED this 28th day of February, 2022.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:      All counsel of record