UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA LAND TRUST #3082, *et al*., | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )     CAUSE NO.: 2:21-CV-201-JEM |
| | ) |
| HAMMOND REDEVELOPMENT | ) |
| COMMISSION, *et al*., | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 41] filed by Defendants City of Hammond and Thomas McDermott, Jr., on May 9, 2022, and joined by the other defendants. Plaintiffs filed a response to the Motion on June 30, 2022, and Defendants filed replies on July 18, 2022.

**I.     Background**

On June 2, 2021, Plaintiffs filed their Complaint in the Lake Superior Court, State of Indiana, which Defendants removed to this court on June 24, 2021. Following entry of an order dismissing Plaintiffs' Complaint without prejudice, Plaintiffs filed their First Amended Complaint on April 8, 2022. Plaintiffs' First Amended Complaint asserts five counts against Defendants arising out of the building of a public roadway: Count I asserts a § 1983 substantive due process violation claim against all defendants; Count II asserts a § 1983 procedural due process violation claim against all defendants; Count III asserts a § 1983 equal protection violation claim against all defendants; Count IV asserts a § 1983 conspiracy to abuse municipal property authority claim against all defendants; Count V asserts a § 1983 abuse of process claim against all defendants; Count VI asserts § 1983 failure to train and failure to intervene claims against the City of

1

Hammond, the Hammond Redevelopment Commission and McDermott defendants; Count VII asserts a *Monell* claim for customs, policies, and practices against the City and Hammond Redevelopment Commission defendants; and Count VIII asserts a State of Indiana abuse of process claim against all defendants.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The

Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The lack of a 'short plain statement of the claim' is ordinarily used as a basis for dismissal where the complaint is prolix." *Edwards v. Depositors Ins. Co.*, 2021 U.S. Dist. LEXIS 171, at *7 (S.D. Ill, Jan 4, 2021). Dismissal pursuant to Rule 8(a) is appropriate for "a complaint that is prolix and/or confusing makes it difficult for the defendant file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-56 (7th Cir. 1994) (approving dismissal of a "119 page, 385 paragraph less than coherent amended complaint.").

**III.**     **Analysis**

The gravamen of Plaintiffs' First Amended Complaint is that Defendants, acting in bad faith, decided to take property belonging to Plaintiffs for a roadway in order to harm Plaintiffs,

3

who are not political supporters of Mayor McDermott, for the benefit of business owners who are competitors of Plaintiffs in the fireworks business and supporters of Defendant McDermott. Defendants argue that Plaintiffs' First Amended Complaint, like their initial Complaint, fails to comport with federal pleading standards under Federal Rules of Civil Procedure 8(a) and 9(b), as well as a number of specific arguments about the failure of individual claims to state a cause of action. Plaintiffs argue that they have sufficiently pleaded each of their causes of action, and that their First Amended Complaint comports with pleading standards.

Defendants argue that Plaintiffs' Amended Complaint is vague and conclusory and thus fails to comport with federal pleading standards. Defendants also argue that Plaintiffs' Amended Complaint's allegations are contradicted by the exhibits attached to it. Plaintiffs respond that their Complaint contains sufficient facts to put Defendants on notice of the causes of action asserted, and that is enough to satisfy applicable pleading standards. Plaintiffs further respond that their ability to plead with more specificity as to the conspiracy causes of action should be relaxed as Defendants are the parties with the requisite information.

Plaintiff's Amended Complaint sets forth many additional allegations, and attaches many additional exhibits, when compared to their Complaint. More is not always better, and in this case, the addition of more information did not cure the defects pointed out by the Court in its Order dismissing the Complaint [DE 36].

To comport with pleading standards, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The lack of a 'short plain statement of the claim' is ordinarily used as a basis for dismissal where the complaint is prolix." *Edwards v. Depositors Ins. Co.*, 2021 U.S. Dist. LEXIS 171, at *7 (S.D. Ill, Jan 4, 2021). Dismissal pursuant to Rule 8(a) is appropriate when "a

4

complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-56 (7th Cir. 1994) (approving dismissal of a "119 page, 385 paragraph less than coherent amended complaint.")

Plaintiffs' Amended Complaint is, like their Complaint, replete with conclusions, conjecture, and hyperbole. It does not contain short, concise statements of facts. Because the Amended Complaint does not comport with Federal Rule of Civil Procedure 8(a)(2), dismissal is proper, with Plaintiffs being given another opportunity to replead cognizable causes of action, in short, concise statements of factual content, rather than conclusory, conjectural statements of opinions and theories.

An example of a conclusory rather than factual statement which fails to comport with pleading standards is:

> Defendants threatened code violations and condemnation to acquire 474-478 Fayette Street, Hammond for private use by 18th Street Brewery; as a result of the threat, HRC did acquire the property. HRC conveyed the property to 18th Street Brewery for a private purpose. See Exhibit J, April 11, 2019 quit claim deed to HRC, August 20, 2020, deed of HRC to 18th Street Brewery; and August 20, 2020, Mortgage by 18th Street Brewery to the City, attached hereto and made a part hereof; On information and belief, the Defendants obtained 474-478 Fayette Street to transfer it to 18th Street Brewery for storing distilled spirits, a private purpose; On information and belief, 18th Street Brewery and its agents are contributors to the Mayor's political campaigns, and/or financially support the Mayor's political ambitions, and were thus transferred property for their private use.

Pl.'s Amd. Comp. ¶ 105. c. This statement is neither short and concise nor factual in nature.

The Federal Rules of Civil Procedure also set forth heightened pleading standards for pleading allegations of fraud. Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Such heightened pleading

5

standards are relaxed "where the plaintiff lacks access to all facts necessary to detail [a] claim." *Corley v. Rosewood*, 142 F.3d 1041, 1051 (7th Cir. 1998). Similarly, in situations where "defendants. . . control the actions . . . this requirement may be relaxed . . . when the defendants are in a better position to know the extent of … participation." *Shapo v. Engle*, No. 98 C 7909, 1999 U.S. Dist. LEXIS 17966, at *42, 1999 WL 1045086, at *13 (N.D. Ill. Nov 12, 1999). Although Plaintiffs argue that the heightened pleading standards should be relaxed because Defendants are in control of the information, the instant Complaint falls short of even a relaxed standard.

Plaintiffs' Complaint does not allege facts surrounding the purported conspiracy clearly. Again, it is not a deficit of any information, but a deficit of *factual* information pointing toward a conclusion of conspiracy. There are no allegations explaining which individual defendants allegedly did what when and with whom. Instead, for example, in Count I, section D, Plaintiffs allege: "On information and belief, the Defendants and Krazy Kaplan conspired to willfully and jointly deprive Plaintiffs of their Constitutional rights when they reached an understanding to limit the number of City fireworks stores to benefit Krazy Kaplan and the Mayor." Pls.' Amd. Comp. ¶ 175., Plaintiffs also allege: "On information and belief, the real reason Defendants are pursuing the Underlying Litigation against the Trust Property is to intentionally discriminate against Plaintiffs because they do not contribute to the Mayor's campaigns and because the Mayor wants to economically benefit Krazy Kaplans, himself, his campaigns and other political contributors including other developers." Pls.' Amd. Comp ¶ 91. Although in ¶ 179 Plaintiffs delineate various actions taken as part of the purported conspiracy, they do not always specifically identify which Defendant undertook all of those actions. Many of the allegations also contain editorialization and

argument, which makes distinguishing between facts and conclusions difficult if not impossible. The claims do not comply with Rule 9 because they not set forth with any particularity which actors engaged in what conduct. Plaintiffs would be better served delineating the purported conduct in a manner which allows Defendants and the Court to follow the allegations from a beginning to an inevitable conclusion, without editorialization, inflammatory language, and opinions.

Plaintiffs make a number of arguments about the validity of their claims; however, since the Complaint is being dismissed, this Court need not address the remaining arguments at this time. Plaintiffs are reminded that, should they choose to amend their complaint, their allegations should be short concise statements of factual content giving reasonable notice to Defendants of the complained of conduct, without conclusions, argument, or opinions, and that a bare recitation of the elements of a cause of action are insufficient.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Dismiss [DE 41], and **DISMISSES** Plaintiffs' Complaint without prejudice. The Court **ORDERS** that any motion for leave to amend the Complaint must be filed by November 22, 2022.

SO ORDERED this 24th day of October, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record