UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA LAND TRUST #3082, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:21-CV-201-JEM |
| ) | |
| HAMMOND REDEVELOPMENT ) | |
| COMMISSION, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Second Amended Complaint [DE 53] filed by Plaintiffs on November 22, 2022. Defendants City of Hammond and Thomas McDermott, Jr., filed their objection on December 6, 2022, which was joined by the other defendants. Plaintiffs filed their reply on December 13, 2022.

**I.   Background**

On June 2, 2021, Plaintiffs filed their Complaint in the Lake Superior Court, State of Indiana, which was removed to this Court on June 24, 2021. Following entry of an order dismissing Plaintiffs' Complaint without prejudice, Plaintiffs filed their First Amended Complaint on April 8, 2022. Plaintiffs' First Amended Complaint asserted various counts against Defendants arising out of the building of a public roadway. The First Amended Complaint was dismissed on Defendants' motion, and Plaintiffs now seek leave to file their Second Amended Complaint. The Second Amended Complaint contains eight counts against Defendants arising out of the building of a public roadway: Count I asserts a Section 1983 conspiracy to abuse municipal property authority claim against all defendants; Count II asserts a Section 1983 substantive due process violation claim against all defendants; Count III asserts a Section 1983 procedural due process

1

violation claim against all defendants; Count IV asserts a Section 1983 equal protection violation claim against all defendants; Count V asserts a Section 1983 abuse of process claim against all defendants; Count VI asserts a Section 1983 failure to train and failure to intervene claims against the City of Hammond, the Hammond Redevelopment Commission and McDermott defendants; Count VII asserts a *Monell* claim for customs, policies, and practices against the City and Hammond Redevelopment Commission defendants; and Count VIII asserts a State of Indiana abuse of process claim against all defendants.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a

2

motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

**III.    Analysis**

The gravamen of Plaintiffs' claims is that Defendants, acting in bad faith, decided to take property belonging to Plaintiffs for a roadway to harm Plaintiffs, who are not political supporters of Mayor McDermott, and to benefit business owners who are competitors of Plaintiffs in the fireworks business and supporters of Defendant McDermott. Defendants argue that Plaintiffs' Second Amended Complaint, like their earlier two Complaints, fails to comport with federal pleading standards under Federal Rules of Civil Procedure 8(a) and 9(b), that a number of individual claims fail to state a cause of action, and that permitting Plaintiffs to file their Second Amended Complaint would be futile. Plaintiffs argue that they have sufficiently pleaded each of their causes of action and that their proposed Second Amended Complaint comports with pleading standards, so allowing it to be filed would not be futile.

The individual defendants in this case are identified as the Mayor of Hammond ("McDermott"), three officers of the Hammond Redevelopment Commission ("Commission"), two commissioners of the Commission, and one non-voting member of the Commission. The governmental defendants are the City of Hammond and the Commission, a department of the City of Hammond.

The Fourteenth Amendment Due Process Clause provides: "No State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The Equal Protection Clause states: "No State shall make or enforce any law which shall . . .deny to

3

any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Under 42 U.S.C. Section 1983, an individual may bring a claim against a person acting under the color of state law for a violation of this constitutional right. *Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, a Section 1983 claim requires proof by Plaintiffs that (1) Defendants were acting under color of state law when they engaged in the challenged conduct and (2) Defendants' conduct deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Ross v. Town of Austin, Ind.*, 343 F.3d 915, 917 (7th Cir. 2003).

A. Official Capacity Claims

A suit against a public official in their official capacity is a suit against the entity of which that official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("An official capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *see also Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). Therefore, Plaintiffs' claims against each of the individually named defendants in their official capacity are redundant. *Golston v. Genova*, No. 01 C 9713, 2003 U.S. Dist. LEXIS 4290 *16 (N.D. Ill. Mar. 19, 2003) (dismissing official capacity claims as redundant of claims against governmental entity). Since the City of Hammond and the

4

Hammond Redevelopment Commission are defendants, allowing the filing of Section 1983 claims against the various public officials in their official capacities as defendants would be futile.

B. <u>Individual Capacity Claims</u>

Individual capacity lawsuits seek to impose personal liability upon government officials for actions taken under color of state law. *Graham*, 473 U.S. at 165. Section 1983 "creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). There must be "specific allegations of individual conduct causing or participating in a constitutional deprivation, [or] the complaint fails to satisfy the pleading requirements for a Section 1983 individual-capacity suit." *Johnson v. Chi. Transit Auth.*, No. 14 CV 09432, 2015 U.S. Dist. LEXIS 111467 at *12 (N.D. Ill. Aug. 24, 2015). To recover damages from an individual defendant acting in their individual capacity, a Section 1983 plaintiff "must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Mejia v. Town of Cicero*, No. 07-CV-5923, 2008 U.S. Dist. LEXIS 81414 *7 (N.D. Ill. Aug. 27, 2008) (explaining that an official "must in other words act either knowingly or with deliberate, reckless indifference").

The individual defendants are the Mayor of Hammond, three officers of the Commission, two commissioners of the Commission, and one non-voting member of the Commission. With the exception of Mayor McDermott, there are no specific allegations of the government officials' individual conduct. All of the defendants, even the non-voting commission member, are referenced together as engaging in every action. In light of the lack of any specificity as to any individual government official's individual conduct, Plaintiffs have not sufficiently alleged any individual

5

capacity claims against any defendant other than Mayor McDermott. To the extent Plaintiffs are alleging that members of the Commission are individually liable under any cause of action, they must identify the individual and the specific activities each individual engaged in, was aware of, or demonstrated indifference to in order to properly plead liability in that person's individual capacity.

    C. <u>Fourth and Fifth Amendment Claims</u>

Plaintiffs assert that the constitutional violations include "deprivations of Fourth, Fifth, and Fourteenth Amendments as described herein." ¶ 170 [DE 53-1]. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

There are no factual allegations in the proposed Second Amended Complaint referring to a warrantless search or seizure. Plaintiffs have failed to allege any cause of action based on a Fourth Amendment violation.

To the extent that the Plaintiffs are alleging any violation of the Fifth Amendment, such causes of action "are not to be carried out in the federal courts." *Kelo v. City of New London*, 545 U.S. 472, 488 (2005). The Takings Clause of the Fifth Amendment provides "the payment of compensation whenever the government acquires private property for a public purpose, whether the acquisition is the result of a condemnation proceeding or physical appropriation." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321 (2002). A governmental taking of private property is not unconstitutional if just compensation is paid. *Horne v. Dep't of Agric.*, 576 U.S. 351, 367 (2015) ("a taking does not violate the Fifth Amended unless there is no just

compensation"); *see also Kelo*, 545 U.S. at 487-90. A public purpose under the Takings Clause can include development by another private party. *Kelo*, 545 U.S. at 479-80, 484-90.

Plaintiffs allege that the Governmental Defendants instituted a condemnation action in state court, which remains pending. ¶ 45 [DE 53-1]. Indiana eminent domain law provides that Plaintiffs can contest whether the proposed taking exceeds the statutory parameters, as well as the amount of "just compensation" to which they are entitled, in state court. I.C. §§ 32-24-1-1, *et seq*. Plaintiffs may also take an interlocutory appeal if their objections to the taking are overruled. *Hass v. State*, 843 N.E.2d 994, 998-99.

Because any taking that will result from the initiation of that state court condemnation action will offer Plaintiffs just compensation for their property, that taking cannot constitute a violation of the Fifth Amendment Takings Clause, so claims for violating the Fifth Amendment are futile.

The Court also notes that any claims about the propriety of the Governmental Defendants' condemnation action pending in state court are not currently ripe for adjudication, and this Court would lack subject matter jurisdiction over any such claims. Subject matter jurisdiction includes a ripeness component. "'The ripeness doctrine' is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Sutton v. Napolitano*, 986 F. Supp. 948, 954 (W.D. Wis. November 15, 2013) (*quoting Reno v. Cath. Soc. Servs., Inc*., 509 U.S. 43, 57 n.18 (1993)). Ripeness is an issue of timing. *Thomas v. Union Carbide Agric. Prods. Co*., 473 U.S. 568, 580 (1985). "[A] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (*quoting Thomas*, 473 U.S. at 581). The state court condemnation

action is ongoing, and whether the condemnation will be deemed a public purpose is still undecided by the court charged with that determination.

To the extent that Plaintiffs' causes of action are based on the assumption that the decision in the Lake Superior Court will be in favor of Defendants—a future event that may or may not occur -- they are also not ripe. *Sutton v. Napolitano*, 986 F. Supp. at 954-55. Thus, even if a cause of action would lie for a takings clause violation, the Court lacks subject matter jurisdiction at this time.

D. <u>Section 1983 Substantive Due Process Claims</u>

Plaintiffs seek to include a substantive due process claim against all Defendants alleging that the taking violates substantive due process. In particular, Plaintiffs allege that the mayor has admitted that this access route creates a public safety hazard. Plaintiffs also allege that the Commission failed to consider other access routes and the taking is for a non-public purpose to benefit the Mayor and his campaigns and political supporters. ¶¶ 184-189 [DE 153-1].

As a threshold requirement for substantive due process claims under the Fourteenth Amendment, Plaintiffs must establish that they have a "legitimate claim of entitlement to the right being asserted." *Zorzi v. Cnty. of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)). The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law;" however, "property" "denotes a broad range of interests that are secured by existing rules or understandings." *Draghi v. Cnty. of Cook*, 184 F.3d 689, 694 (7th Cir. 1999) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)). These property interests are created and defined from a source independent of the United States Constitution, such as state law. *Roth*, 408 U.S. at 577.

In the Seventh Circuit, a plaintiff with a substantive due process claim alleging a deprivation of a property interest must demonstrate "1) that the state's decision was arbitrary and irrational, and 2) that the state committed a separate constitutional violation or that state law remedies are inadequate." *Contreras v. City of Chicago*, 119 F.2d 1286, 1295 (7th Cir. 1997) (citing *Doherty*, 75 F.3d at 325; *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 956-58 (7th Cir. 1988)); *see also Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941-42 (7th Cir. 2003); *Gable v. City of Chicago*, 296 F.3d 531, 541 (7th Cir. 2002); *Draghi*, 184 F.3d at 694; *Doherty v. City of Chicago*, 75 F.3d 318, 323-26 (7th Cir. 1996). When the challenged state action does not implicate a fundamental right, the action need only be rationally related to a legitimate government interest. *Washington v. Glucksberg*, 521 U.S. 702, 722, 728 (1997); *see also Lee*, 330 F.3d at 467 (7th Cir. 2003). "The substantive component of the due process clause 'bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *O'Vadka v. Blum*, 2007 U.S. Dist. LEXIS 38816 *46-47 (N.D. Ind. May 24, 2007) (quoting *Ackerman v. Powers*, 2005 U.S. Dist. LEXIS 1166, 2005 WL 147551, p. 1 (W.D. Wis. 2005), (other citations omitted).

Plaintiffs assert that their right to own their real property free from interference by government actors is implicated by Defendants' conduct and assert that the conduct is shocking to the conscience. However, Defendants have asserted a legitimate government interest in connecting a neighborhood to a main road by condemning the real estate at issue and it is not up to the Court to determine whether condemning this parcel is the best way to accomplish that goal. *Kelo*, 545 U.S. at 488. Because there is a legitimate governmental interest in the condemnation at issue, *Glucksberg*, 521 U.S. at 728, Plaintiffs are unable to satisfy the first prong of the substantive due process test. *Contreras*, 119 F.2d at 1295 (" . . . 1) that the state's decision was arbitrary and

9

irrational . . .") Allowing Plaintiffs to amend their complaint to include a substantive due process violation claim would be futile.

E. Section 1983 Procedural Due Process Claims

Plaintiffs seek to include a claim that their due process rights have been violated because the initiation of the state condemnation cause of action subjects them to an abuse of process and will not address their federal Constitutional claims. ¶¶208, 210-212, pp 25-26 [DE 53-1]. A claim for a violation of procedural due process under the Fourteenth Amendment requires a two-step analysis: "First, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (citing *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)). In other words, to state a claim, Plaintiff "must establish that there is (1) a cognizable property [or liberty] interest; (2) a deprivation of that interest; and (3) a denial of due process." *Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 607 (7th Cir. 2014) (quoting *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010)). A procedural due process claim applies only to the adequacy of the procedures employed in connection with a deprivation of property. *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 955-56 (7th Cir. 1988). Due process requires, at a minimum, notice, and an opportunity for a hearing prior to the deprivation of property, *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950), or, if a predeprivation hearing is impractical, post-deprivation process may be adequate. *Zinermon v. Birch*, 494 U.S. 113, 128 (1990) (collecting cases).

Property rights are not created by the Fourteenth Amendment but "stem from an independent source such as state law―rules or understandings that secure certain benefits and that

support claims of entitlement to those benefits." *Price*, 755 F.3d at 607 (quoting *Frey Corp. v. City of Peoria*, 735 F.3d 505, 509-10 (7th Cir. 2013)) (internal quotation marks omitted). Under Indiana law, a property owner may contest the proposed taking, including on the basis that the taking is for a private rather than public use. I.C. §§32-24-1-1, *et seq.*, *State v. Colom*, 720 N.E. 2d. 737, 740-41 (Ind. Ct. App. 1999). In that event, the trial court will conduct an evidentiary hearing to address the objections and evidence. I.C. §§32-24-1-4, 8; *Colom*, 720 N.E.2d at 740-42. If the property owner's objections are not sustained, the owner can file an immediate interlocutory appeal to the Indiana appellate courts. I.C. §32-24-1-8(e); *Hass v. State*, 843 N.E.2d 994, 997-99 (Ind. Ct. App. 2006). If the taking is allowed after any appeals are exhausted, the owner is entitled to the appointment of three appraisers, who assess the amount of the fair market value of the property at the time of the taking. I.C. §32-24-1-8 I.C. §32-24-1-11. An owner may again contest the appraiser's assessment of "just compensation"; and "the cause shall further proceed to issue, trial, and judgment as in civil actions, . . . and either party may appeal a judgment as to benefits or damages as in civil actions." I.C. §32-24-1-11(c); *Hass,* 843 N.E.2d at 997-99.

There is no dispute that Plaintiffs have a property interest in their real estate. There is also no dispute that the condemnation action instituted by the City Defendant constitutes a deprivation of that property interest. However,

> [i]n order to prevail on a procedural due process claim, a property owner must show that he was deprived of a full and fair hearing to adjudicate his rights. Where a claimant has availed himself of the remedies guaranteed by state law, due process is satisfied unless he can show that such remedies were inadequate. The fundamental requirement is an opportunity to be heard . . . granted at a meaningful time and in a meaningful manner.

*Bettendorf v. St. Croix Cnty.*, 631 F.3d 421, 427-28, (7th Cir. 2011). Plaintiffs have not alleged that there is not a state remedy process available to them; indeed, they have alleged that they are

11

currently involved in the state remedy process. Their objection is not to that process, but to the fact that it was instituted against them. This is not a procedural due process claim. *Bettendorf*, 631 F.3d at 427-28 (rejecting a procedural due process claim because the plaintiff was afforded adequate process through the state court system to raise his objections and be heard.) Plaintiffs also seek to add an allegation that the state process is inadequate because it only permits them to challenge the takings clause issues; however, Plaintiffs have failed to allege what other constitutional rights have been violated, since the Fourteenth Amendment, like Section 1983 claims, requires the existence of an independent protected property or liberty interest which has been violated. *Charleston*, 741 F.3d at 772 (7th Cir. 2013). The only property interests Plaintiffs assert are those in their real property, for which the available constitutional rights are the Fifth Amendment Takings Clause (and concomitant state eminent domain protections). Therefore, without some other, as-yet-unidentified, property interest at stake, the eminent domain process provides apparent adequate process to protect Plaintiffs' interest in their real property. *Bettendorf*, 631 F.3d at 427-28. Due process "requires that a claimant receive adequate process." *Id.* at 428. Allowing Plaintiffs to amend their complaint to include a procedural due process claim based on the decision to take their real property would be futile. *Brewer v Town of Eagle*, 553 F. Supp. 3d 636, 654 (E.D. Wis. 2021) ("Denial of due process is the mechanism by which Defendants allegedly injured them—it is not the injury itself.").

      F. <u>Section 1983 Equal Protection Claim</u>

Plaintiffs propose a so called "class of one" equal protection claim in Count IV. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned

by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Generally, an equal protection claim derives from the denial of a fundamental right or disparate treatment of persons as a result of the claimant's suspect classification. *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). Those claims are analyzed under the exacting strict scrutiny test, while other equal protection claims are examined under the deferential rational basis test. *Id.* (citing *David K. v. Lane*, 839 F.2d 1265, 1270 (7th Cir. 1988)).

An individual may state a "class of one" equal protection claim if the individual has "been intentionally treated differently from others similarly situated and [] there is no rational basis for the difference in treatment." *Id.* (citing *Olech*, 528 U.S. at 564); *see also Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1181 (7th Cir. 1996). Although described as a "class of one," "the number of individuals in a class is immaterial for equal protection analysis." *Olech*, 528 U.S. at 564 n.*2. Under rational basis review, the equal protection clause is satisfied so long as there is a rational relationship between the disparity of treatment based on the classification and a legitimate government interest. *Bd. of Trustees of U. of Ala. v. Garrett*, 531 U.S. 356, 366-67 (2001).

Plaintiffs argue that Defendants condemned Plaintiffs' property because Plaintiffs are not political supporters of McDermott, and that taking their property will benefit his supporters, either by eliminating Plaintiffs as competition or allowing other supporters to purchase this property from the City after the taking. ¶¶ 218, 219, 227, 231 [DE 53-1]. The Court of Appeals for the Seventh Circuit has explained that the equal protection clause "has long been understood to provide a kind of last-ditch protection against governmental action wholly impossible to relate to legitimate

13

governmental objectives." *Esmail v. Macrone*, 53 F.3d 176, 180 (7th Cir. 1995). In *Esmail*, an Illinois business owner was denied a liquor license renewal as a result of a vindictive campaign by the mayor that specifically targeted his business. *Id.* at 178. Similarly, The *Olech* plaintiffs alleged that the Village's actions relative to their parcel of real estate were in retribution for a prior lawsuit Plaintiffs had brought against the Village. *Olech*, 528 U.S. at 564. In both cases, the plaintiffs were found to have stated a claim for violation of their equal protection rights.

In the present action, Plaintiffs allege that building a road on this particular parcel of real estate was not the easiest nor the least expensive means of accomplishing the stated goal of connecting a neighborhood to a main street, but that it is the only parcel not owned by supporters of McDermott. They allege that the taking is part of McDermott's way of benefiting his supporters and punishing Plaintiffs for not supporting him. Allowing Plaintiffs to amend their complaint to plead an equal protection class of one action against the Governmental Defendants and government officials who, in their individual capacity, personally engaged in conduct designed to foster "governmental action wholly impossible to relate to legitimate governmental objectives" would not be futile. *Esmail*, 53 F.3d at 180.

G. Section 1983 Conspiracy to Abuse Municipal Property Authority Claim

Plaintiffs' Count I asserts that McDermott, "his campaigns, the [Commission], Kaplan, and/or Collins conspired to willfully and jointly deprive Plaintiffs of Constitutional rights" and that McDermott, "his campaigns, the [Commission], Kaplan, and/or Collins agreed and are pursuing the taking solely to benefit Collins, developers, and/or to limit Hammond fireworks stores to benefit Kaplan, the Mayor's campaigns, and his podcast." ¶¶ 174, 175 [DE 53-1]. Of the suggested conspirators, only McDermott and the Commission are named as party defendants.

14

Plaintiffs also allege that certain parties deposed in the underlying state court action on behalf of the Commission testified falsely as to the justifications for the taking at issue. ¶ 179, vii and viii, [DE 53-1]. Neither of those people is parties to this action. It appears then that Plaintiffs are seeking to allege a conspiracy among McDermott and various third parties to further the development or business goals of either McDermott or some of those third parties, but it is not clear which, if any, of the individual defendants Plaintiffs allege to have been involved in that conspiracy, or what their roles or actions/inactions may have been.

In addition, in order to prevail on a Section 1983 action, there must be an independent violation of rights since Section 1983 "is not itself a font for substantive rights; instead, it acts as an instrument for vindicating federal rights conferred elsewhere." *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir.1997). As described above, Plaintiffs may not bring a Section 1983 action alleging a violation of their Fifth Amendment rights because there is currently a state court suit pending to pay them just compensation for their real property. The only cognizable causes of action related to a federal right raised by Plaintiffs is their equal protection class of one claim and the *Monell* and failure to train claims, discussed below. Permitting the amendment to include a Section 1983 action for violating Plaintiffs' Fifth Amendment rights (the only conceivable effect of an abuse of municipal property authority the Court can identify) would be futile.

H. Section 1983 Failure to Train and Intervene and *Monell* Claims

Plaintiffs seek to bring claims for failure to train, failure to intervene and a claim they identify as "a *Monell* claim." Because, in general, a failure to train cause of action is assessed using the *Monell* analysis, the two causes of action are analyzed together.

"[A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, a cause of action against the Governmental Defendants for a constitutional violation under Section 1983 must allege:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012) (quoting *Est. of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)).

A plaintiff must show a causal connection between the disputed policy or practice and the injury. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, (7th Cir. 2012) ("The plaintiff must show . . . that the policy or custom was the 'moving force [behind] the constitutional violation.'") (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). "In cases asserting an implicit policy or a gap in express policy, 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Estate of Sims*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Phelan v. Cook Cnty.*, 463 F.3d 773, 790 (7th Cir. 2006)) (other citations omitted)). In the present case, Plaintiffs contend that they satisfy *Monell* by identifying at least one instance where another fireworks business (also a competitor to a McDermott supporter) is being required to make roadway improvements when a fireworks business political supporter is not, and at least one instance where property was acquired by the Commission after threats of expensive code violations and then conveyed to a political supporter of McDermott for a private purpose. ¶¶ 120-130 [DE 53-1]. Plaintiffs argue that this

16

identifies "a widespread custom of pay-to-play policymaking and targeting fireworks shops as standard operating procedure." Pl. Br. p.14 [DE 57].

The allegations made by Plaintiffs as to the existence of multiple examples of conduct are consistent with a pattern, rather than a random event, *see Estate of Sims*, 506 F.3d at 515; therefore, allowing Plaintiffs to amend their complaint to include a *Monell* claim would not be futile.

A municipality may be liable based on a failure to provide adequate training to its employees; however, "the plaintiff must show that the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, (7th Cir. 2012) (citing *Harris*, 489 U.S. at 389). Plaintiffs have not alleged that either the failure to train or intervene, or any other actions taken by the individual employees of the governmental entities, were done pursuant to an express policy. Instead, Plaintiffs seem to be alleging that the actions are either a widespread practice that constitutes a custom or practice or are caused by a person with final policymaking authority – in this case, the mayor.

There is a cognizable cause of action asserting an underlying constitutional deprivation pursuant to the Fourteenth Amended Equal Protection "class of one," so the *Monell* and failure to train and/or intervene claim can be added.

I. <u>Section 1983 and Indiana Abuse of Process Claims</u>

Plaintiffs also seek leave to assert Section 1983 (count V) and State of Indiana (Count VIII) claims for abuse of process.

Abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process. *Bergquist v. Milazzo*, No. 18-cv-3619, 2020 U.S. Dist. LEXIS 25821, *6 (N.D. Ill. Feb. 14, 2020). Because Indiana has an abuse of process tort, there is no cognizable Section 1983

abuse of process claim. *Id.; see also Julius v. Marion Cnty*, No. 1:18-cv-00202-TWP-MPB, 2020 U.S. Dist. LEXIS 44969, *21 (S.D. Ind. Mar. 16, 2020).

Under Indiana law, the tort of abuse of process requires "1) ulterior motive, and 2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Est. of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 256 (Ind. Ct. App. 2013); *see also Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457 (7th Cir. 2009). Plaintiffs have alleged an ulterior motive by McDermott, and, by implying that certain City deponents gave false testimony, implied "the use of process not proper in the regular conduct of the proceeding." *Estate of Mayer*, 998 N.E.2d at 256. Allowing them to amend their complaint to state an Indiana state abuse of process claim would not be futile.

### IV. Conclusion

Accordingly, the following claims may be amended: Monell and failure to train and/or intervene, Equal Protection class of one, and Indiana state abuse of process, against both the Governmental Defendants (as appropriate) and the individual Defendants, in their individual capacity, if properly pleaded, as set forth above. The claims for Section 1983 conspiracy to abuse municipal authority, Section 1983 substantive and procedural due process, Section 1983 abuse of process, Fourth and Fifth Amendment violations, and official capacity causes of action may not be amended.

The Court hereby **GRANTS in part** and **DENIES in part**, as described above, the Motion for Leave to File Second Amended Complaint [DE 53] and **ORDERS** Plaintiffs to file a motion for leave to file an Amended Complaint which comports with this Order by **May 23, 2023**.

SO ORDERED this 25th day of April, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record