**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| INDIANA LAND TRUST #3082, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-201-JEM |
| | ) | |
| HAMMOND REDEVELOPMENT | ) | |
| COMMISSION, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 64] filed by Defendants City of Hammond and Thomas McDermott, Jr. ("City Defendants") on July 10, 2023, and joined by the other defendants [DE 66].

**I.      Background**

On June 2, 2021, Plaintiffs filed their Complaint for claims arising out of the building of a public roadway in the state court, and it was removed to this Court on June 24, 2021. Following entry of orders dismissing Plaintiffs' Complaint and First Amended Complaint, the Court granted in part Plaintiffs' motion for leave to file a Second Amended Complaint, allowing certain causes of action and not others. Thereafter, Plaintiffs sought leave to file their third Amended Complaint. Defendants did not object, and the Court permitted the filing of the third Amended Complaint, which Plaintiffs did on June 9, 2023. The third Amended Complaint sets forth four Counts: Count I asserts a Section 1983 Equal Protection violation against all Defendants; Count II asserts Section 1983 failure to train and failure to intervene claims against the City of Hammond, the Hammond Redevelopment Commission, HRC members and Hammond Mayor McDermott; Count III asserts a claim of unconstitutional customs, policies, and practices by the City and Hammond Redevelopment

1

Commission Defendants; and Count IV asserts a state claim for abuse of process claim against all Defendants.

Defendants brought the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(6), and 54(b). Plaintiffs filed a response to the Motion on August 23, 2023, and Defendants filed a reply on September 7, 2023.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts

alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The lack of a 'short plain

statement of the claim' is ordinarily used as a basis for dismissal where the complaint is prolix." *Edwards v. Depositors Ins. Co*., 2021 U.S. Dist. LEXIS 171, at \*7 (S.D. Ill, Jan 4, 2021). Dismissal pursuant to Rule 8(a) is appropriate for "a complaint that it prolix and/or confusing makes it difficult for the defendant file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775-56 (7th Cir. 1994) (approving dismissal of a "119 page, 385 paragraph less than coherent amended complaint.").

## III.     Analysis

The gravamen of Plaintiffs' claims remains that Defendants, acting in bad faith, decided to take property belonging to Plaintiffs to build a roadway with the intent to harm Plaintiffs, who are not political supporters of Mayor McDermott, and to benefit business owners who are competitors of Plaintiffs in the fireworks business and supporters of Defendant McDermott. Defendants argue that Plaintiffs' Third Amended Complaint, like their earlier Complaints, fails to comport with federal pleading standards under Federal Rules of Civil Procedure 8(a) and 9(b), that Plaintiffs' claims are not properly brought in federal court, but rather should be adjudicated in the pending condemnation action, and that the claims fail to state a cause of action. Plaintiffs argue that they have sufficiently pleaded each of their causes of action and that their Third Amended Complaint comports with pleading standards.

Plaintiffs bring their Equal Protection claim against all Defendants. The Fourteenth Amendment Equal Protection Clause states: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Under 42 U.S.C. Section 1983, an individual may bring a claim against a person acting under the color of state law for a violation of this constitutional right. *Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, a Section 1983 claim requires proof by Plaintiffs that (1) Defendants were acting under color of state law when they engaged in the challenged conduct and (2) Defendants' conduct deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Ross v. Town of Austin, Ind.*, 343 F.3d 915, 917 (7th Cir. 2003).

### A.      Section 1983 Equal Protection Claim

Plaintiffs include a so-called "class of one" equal protection claim in Count I against all Defendants. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Generally, an equal protection claim derives from the denial of a fundamental right or disparate treatment of persons as a result of the claimant's suspect classification. *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). Those claims are analyzed under the exacting strict scrutiny test, while other equal protection claims are examined under the deferential rational basis test. *Id.* (citing *David K. v. Lane*, 839 F.2d 1265, 1270 (7th Cir. 1988)).

An individual may state a "class of one" equal protection claim if the individual has "been intentionally treated differently from others similarly situated and [] there is no rational basis for the

difference in treatment." *Id*. (citing *Olech*, 528 U.S. at 564); *see also Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of the City of Indianapolis*, 101 F.3d 1179, 1181 (7th Cir. 1996). Although described as a "class of one," "the number of individuals in a class is immaterial for equal protection analysis." *Olech*, 528 U.S. at 564 n.*2. Under rational basis review, the equal protection clause is satisfied so long as there is a rational relationship between the disparity of treatment and a legitimate government interest. *Bd. of Trustees of U. of Ala. v. Garrett*, 531 U.S. 356, 366-67 (2001).

Plaintiffs allege that Defendants condemned Plaintiffs' property because Plaintiffs are not political supporters of McDermott, and that taking their property will benefit his supporters, either by eliminating Plaintiffs as competition or allowing other supporters to purchase this property from the City after the taking. ¶¶ 158, 207, 208 [DE 61]. The Court of Appeals for the Seventh Circuit has explained that the equal protection clause "has long been understood to provide a kind of last-ditch protection against governmental action wholly impossible to relate to legitimate governmental objectives." *Esmail v. Macrone*, 53 F.3d 176, 180 (7th Cir. 1995). In *Esmail*, an Illinois business owner was denied a liquor license renewal as a result of a vindictive campaign by the mayor that specifically targeted his business. *Id.* at 178. Similarly, the *Olech* plaintiffs alleged that the Village's actions relative to their parcel of real estate were in retribution for a prior lawsuit Plaintiffs had brought against the Village. *Olech*, 528 U.S. at 564. In both cases, the plaintiffs were found to have stated a claim for violation of their equal protection rights.

A successful "class of one" plaintiff must show that it was treated differently than similarly situated persons for no other reason. *Williamson v. Curran*, 714 F.3d 432, 449 (7th Cir. 2013). "The persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Reget v. City of LaCrosse*, 595 F.3d 691, 695 (7th Cir. 2010). "State and local land-use decisions are entitled to great deference when constitutional claims are raised in

federal court." *Miller v. City of Monona,*784 F.3d 1113, 1119 (7th Cir. 2015). Class of one plaintiffs must negate "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id*. at 1121. At the pleadings stage, all it takes to defeat a class-of-one claim is a conceivable rational basis for the difference in treatment. *Id.*; *see also, McCarthy v. Vill. of Barrington*, 2018 U.S. Dist. LEXIS 84993, at *10 (N.D. Ill. May 21, 2018).

Plaintiffs do not allege that there were other fireworks businesses supporting Mayor McDermott whose property was located where the City was putting a road, but whose property was not sought to be taken, nor do Plaintiffs identify non-fireworks businesses who were not supporters of Mayor McDermott whose property was located where the City was putting a road, but whose property was not sought to be taken. *Reget*, 595 F.3d at 696. Plaintiffs refer to Krazy Kaplans as a fireworks business which is a McDermott supporter, but do not refer to any property owned by that business (or persons affiliated with it) whose location was intentionally rejected for a road. Plaintiffs also refer to other nearby property owners who are McDermott supporters and whose properties were not used for the roadway, but those properties are not used for fireworks businesses. Plaintiffs assert that they were targeted because they are fireworks business owners who do not support Mayor McDermott; that Krazy Kaplans' owner, who owns numerous fireworks businesses in Hammond, is a supporter of Mayor McDermott; and that Krazy Kaplans' owner and Mayor McDermott wish to eliminate competition for Krazy Kaplans. ¶¶ 17, 56, 107-118, 108-119 [DE 61]. Plaintiffs allege that other fireworks businesses were also targeted, but in different ways. In particular, they allege that another fireworks business owner is being required to make expensive improvements to its property, ¶ 121 [DE 61], and that another fireworks business has asserted that the City of Hammond misuses its zoning powers. ¶¶122, 123 [DE 61]. They also assert that the City of Hammond threatened code enforcement and condemnation proceedings against another non-McDermott-supporting property

owner, and that property was ultimately acquired by Hammond Redevelopment Commission and conveyed to a third-party supporter of Mayor McDermott. ¶¶ 124-129 [DE 61]. None of those proposed three comparators are materially similar to Plaintiff. The one property subjected to threatened condemnation proceedings was not alleged to be a fireworks business, and the property was not being taken (so far as is alleged) for a roadway. The fireworks business which Plaintiffs allege is being required by the City of Hammond to put in significant roadway improvements is not alleged to be being subjected to condemnation proceedings for a roadway. Finally, the fact that another fireworks business asserts claims against the City of Hammond and its zoning process is unrelated to whether it is proper to take private property for a roadway, and there are no allegations that that suit has been successful, or that the conduct at issue there is in any way similar to what Plaintiffs allege in the instant suit. *Reget,* 595 F.3d at 695 (comparators must be "identical or directly comparable to the plaintiff in all material respects").

Plaintiffs have not successfully pled sufficient facts that they have been intentionally treated differently than other similarly situated entities. Even if the lack of suitable comparators is not fatal to a class of one equal protection claim, Plaintiffs must allege that there is no rational basis for singling them out for disparate treatment. *Miller v. City of Monona*, 784 F.3d 1113, 1120-21 (7th Cir. 2015). "It is not enough for a complaint to suggest an improper motive, for "[a] given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity." *Id*. at 1121 (quoting *Fares Pawn, LLC v Ind. Dep't of Fin. Insts*., 755 F.3d 839, 845 (7th Cir.2014)). If there is a potential rational basis for the action alleged in the Complaint, Plaintiffs may "plead themselves out of court." *Flying J. Inc. v City of New Haven*, 549 F.3d 538, at 547-48 (7th Cir. 2008); *Fares Pawn*, 755 F.3d at 845; *Miller*, 784 F.3d. at 1121. "If the Complaint reveals 'a rational basis for the challenged action, that will be the end of the matter—

8

animus or no.'" *Sojenhomer LLC v. Vill. of Egg Harbor Bd. Of Trs.*, 2023 U.S. Dist. LEXIS 186920, at *8 (quoting *Fares Pawn*, 755 F.3d at 845). Plaintiffs allege that the Governmental Defendants asserted that the taking is for a road. Ex. D [DE 61]. Plaintiffs also allege that the proposed taking was voted on at a public meeting of the Hammond Redevelopment Commission on September 18, 2018. ¶ 44 [DE 61]. Additionally, Plaintiffs allege that the Rule 30(b)(6) witness for Hammond Redevelopment Commission testified (although they dispute the accuracy of the statements) that "we selected this location because of its nearby proximity to Indianapolis [Blvd]" and "cheaper construction." ¶ 75 and Exhibit C, p. 23 [DE 61]. "Taken as a whole, and without disregarding allegations of Defendants' intentionally disparate treatment, the complaint more than suggests a rational basis for the [disputed] decisions. It thus follows that Plaintiffs fail to state a class-of-one equal protection cause of action." *Sojenhomer*, 2023 U.S. Dist. LEXIS 186920 at *9 (dismissing class of one claim when the plaintiff pleaded that the municipal defendant asserted rational basis for actions even in the face of allegations of intentionally disparate treatment).

"A perplexing situation arises when a lawsuit challenging a government action subject only to a rational basis review is evaluated under the deferential standard of a Rule 12(b)(6) motion to dismiss. A class-of-one plaintiff must anticipate this dilemma." *Flying J.*, 549 F.3d at 546. To survive a motion to dismiss, class of one Plaintiffs must "allege facts sufficient to overcome the presumption of rationality that applies to governmental classifications." *Id*. The Court "does not ask whether the benign justification was the *actual* justification. All it takes to defeat the plaintiffs' claim is a *conceivable* rational basis for the difference of treatment. *Id*. (emphasis in original).

Although the Court allowed Plaintiffs to attempt to properly plead a "class of one" equal protection cause of action, they have failed to allege sufficient facts that the Governmental Defendants engaged in conduct designed to foster "governmental action wholly impossible to relate to legitimate

governmental objectives." *Esmail*, 53 F.3d at 180. Instead, Plaintiffs continue to assert various conclusions, on information and belief, and very few facts. Governmental Defendants have a right, even an obligation, to build roads and to make areas of the City accessible. Governmental Defendants also have the right to condemn property for that purpose, as long as the owner of the property receives just compensation for the property taken. U.S. Const. Amend. V. Although Plaintiffs argue that there are other available pieces of real property which could be taken to satisfy the government's need for a road (and Plaintiffs also argue that there is not such a need), they do not argue that road building is not a legitimate governmental objective. Plaintiffs have raised the same arguments in the pending Lake County, Indiana condemnation proceeding, and that court is fully able to adjudicate whether the proposed taking is in furtherance of a legitimate governmental objective, and whether the compensation to be paid is just. Accordingly, Plaintiffs have failed to allege a Fourteenth Amendment Equal Protection class of one action and Count I will be dismissed as to all Defendants.

      B.      Section 1983 Failure to Train and Intervene and *Monell* Claims

Plaintiffs seek to bring claims for failure to train and failure to intervene and a claim they identify as "a *Monell* claim" in Counts II and III. Because a failure to train cause of action is typically assessed using the *Monell* analysis, the two causes of action are analyzed together.

"[A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, a cause of action against the Governmental Defendants for a constitutional violation under Section 1983 must allege (1) an express policy that causes a constitutional deprivation; (2) a widespread practice that is so permanent and sell-settled that it constitutes a custom or practice or (3) an allegation that the constitutional injury was caused by a

person with final policymaking authority. *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012); *Est. of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

A plaintiff must show a causal connection between the disputed policy or practice and the injury. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (The plaintiff must show . . . that the policy or custom was the 'moving force [behind] the constitutional violation.") (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). "In cases asserting an implicit policy or a gap in express policy, 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Est of Sims*, 506 F.3d at 515 (quoting *Phelan v. Cook Cnty.*, 463 F.3d 773, 790 (7th Cir. 2006)) (other citations omitted). In the present case, Plaintiffs contend that they satisfy *Monell* by identifying at least one instance where another fireworks business (also a competitor to a McDermott supporter) is being required to make roadway improvements when a fireworks business political supporter is not, and at least one instance where property was acquired by the Commission after threats of expensive code violations and then conveyed to a political supporter of McDermott for a private purpose. ¶¶ 124-130 [DE 61]. Plaintiffs argue that this identifies a widespread custom of pay-to-play policymaking.

To prevail on a claim under *Monell*, Plaintiffs must first establish a constitutional deprivation. *Sallenger v. City of Springfield*, 630 F.3d 499, 505 (7th Cir. 2010); *Young v. Dart*, 2021 U.S. Dist. LEXIS 154662, at *13 (N.D. Ill., August 17, 2021). Before the Court will consider municipal fault, the Plaintiffs must establish that they suffered a deprivation of a federal right. *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 987 (7th Cir. 2021). In light of the fact that there is no constitutional deprivation, as described above, there can be no *Monell* claim

against any of the defendants. *Johnson v. Pfister*, 2017 U.S. Dist. LEXIS 110231, at *11 (C.D. Ill. July 17, 2017).

        C.        <u>Indiana Abuse of Process Claim</u>

When all the of the claims in a case giving rise to original jurisdiction have been resolved, a district court maintains subject matter jurisdiction over those claims that fall within its supplemental jurisdiction under § 1367(a). *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009)). However, § 1367(c) specifically provides that a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline jurisdiction is squarely within the Court's discretion. *Miller*, 600 F.3d at 738 (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). There is a presumption that the district court "will relinquish [that] jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (citing cases). In *Wright*, the Seventh Circuit Court of Appeals explained that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point to a federal decision of the state-law claims on the merits." 29 F.3d at 1251. However,

> district courts should exercise the discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided.

*Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)); *see also Wright*, 29 F.3d at 1251-52.

In the absence of any circumstances sufficient to overcome the presumption, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim. Therefore, dismissal under 28 U.S.C. § 1367(d) is the proper vehicle for disposing of the remaining count of the Third Amended Complaint so that they can be refiled in state court, should Plaintiffs so choose. The period of limitations for the claim asserted in Plaintiffs' Third Amended Complaint is tolled for the time the claim has been pending and for a period of 30 days after it is dismissed by this Court unless state law allows for a longer tolling period. *See* 28 U.S.C. § 1367(d).

## IV.     Conclusion

The Court hereby **GRANTS** the Motion to Dismiss [DE 64] and **DISMISSES with prejudice** Counts I, II, and III. Pursuant to 28 U.S.C. § 1367(d), the Court hereby **DISMISSES without prejudice** Count IV of Plaintiff's Amended Complaint.

SO ORDERED this 6th day of December, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record